UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-22490-BLOOM/Otazo-Reyes**

FRANCISCO RODRIGUEZ CRUZ,

    Plaintiff,
v.

STEVEN SHAFFER,

    Defendant.
_____/

**ORDER DENYING MOTION TO PROCEED**
**_IN FORMA PAUPERIS_ AND DISMISSING COMPLAINT**

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Francisco Rodriguez Cruz's ("Plaintiff") Complaint, ECF No. [1], docketed on July 5, 2023. Plaintiff has not paid the filing fee but has moved to proceed *in forma pauperis*. ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Having screened Plaintiff's Complaint, the Court concludes it must be dismissed.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. p. 8(a). In addition, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). "[T]he leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *see also Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001).

Even under the relaxed pleading standard afforded to *pro se* litigants, the Complaint here fails to state a claim for relief. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005). The Complaint is styled as a Complaint Under the Civil Rights Act, 42 U.S.C. § 1932. ECF No. [1] at 1. The Complaint alleges that a deputy sheriff of the Orange County Sheriff's Office wrote a "ticket" to an individual who stole Plaintiff's identity. *See id.* at 2. As a result, an arrest warrant was issued, resulting in Plaintiff's incarceration for a total of 24 days. *Id.* Those are the entirety of

the allegations in the Complaint. As such, those allegations fail to support a violation of Plaintiff's constitutional rights as the Court is unable to ascertain whether Plaintiff was deprived of a constitutional or statutory right under the color of state law. Thus, the Complaint fails to adequately allege Plaintiff is entitled to relief under Section 1983.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED** without prejudice;
2. Plaintiff's motion to proceed *in forma pauperis*, **ECF No. [3]**, is **DENIED AS MOOT**; and
3. The Clerk is **DIRECTED** to close the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Francisco Rodriguez Cruz
15605 SW 295 TERRACE
HOMESTEAD, FL 33033
PRO SE

---

[1] Plaintiff is not a stranger to this Court. On February 13, 2023, the Court dismissed another of Plaintiff's complaints, styled as under brought under 42 U.S.C. § 1983, for failure to state a claim for relief, and denied as moot his motion to proceed *in forma pauperis*. *See Cruz v. Felix*, No. 23-cv-20539, 2023 WL 1965084, at *2 (S.D. Fla. Feb. 13, 2023), ECF No. [4].